IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

STATE OF TENNESSEE, on the relationship )
    of private individuals, Edgar L. Muse, )
    Linda L. Muse and Candi Muse; and )
EDGAR L. MUSE, LINDA L. MUSE AND )
    CANDI MUSE, )
                                          )
        Plaintiffs, )
v. )    No. _____
)    **Jury Demanded**
BILL GIBBONS, in his individual capacity; )
DEBORAH MARTIN, in her individual )
    capacity; )
JOYCE GRIMES SAFLEY, in her individual )
    capacity; )
NINA HARRIS, in her individual capacity; )
and )
JAMES SKEANS, in his individual and )
    in his official capacity for Campbell )
    County Tennessee; )
CAMPBELL COUNTY, TENNESSEE )
)
        Defendants. )

## COMPLAINT AND COMPLAINT-CLASS ACTION

Plaintiffs bring this action against Defendants and for cause say:

## I. INTRODUCTION

1. Tennessee clearly established in 1947 that a violation of a Tennessee forfeiture statute is a violation of the Fifth Amendment to the United States Constitution.

> Forfeiture or confiscation is a proceeding of a harsh nature, and unless accomplished pursuant to the law of the land is in violation of the 5th Amendment to the Constitution of the United States. Consequently confiscation must be accomplished in the manner provided by law.

*Wells v. McCanless*, 198 S.W.2d 641, 642-43 (1947)

2. On March 9, 2015, the Tennessee Supreme Court re-affirmed the clearly established Fifth Amendment civil rights law outlined in 1947 that forfeiture of property is a proceeding of harsh nature; there must be strict compliance with the law of the land to be constitutional; forfeitures must be accomplished in the manner provided for by law; that the Fifth Amendment to the United States Constitutional applies to protect persons during Tennessee forfeiture proceedings; and where the procedures proscribed by Tennessee's forfeiture statutes are not complied with, no forfeiture occurs.[1]

## II. TENNESSEE FORFEITURES

### A. Persons Similarly Circumstanced

3. Plaintiffs-Relators are members of class of persons who are similarly circumstanced as having their property taken from them by Tennessee through forfeiture proceedings.[2]

### B. Tennessee Forfeiture Proceedings

4. Tennessee provides its Tenn. Const. Art. II, Sec. 1 Judicial Department to conduct judicial forfeiture proceedings for personal property pursuant to Tenn. Code Ann. § 39-11-708(a) et seq.

5. Tennessee provides in Tenn. const. Art. II, Sec. 1 Judicial Department to conduct judicial forfeiture proceedings for real property pursuant to Tenn. Code Ann. § 53-11-452(d).

---

[1] *State v. Sprunger*, 458 S.W.3d 482, 493 (Tenn. 2015)

[2] *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012)(quoting *Bench Billboard v. City of Cincinnati*, 675 F.3d 974, 987 (6th Cir. 2012).
,

6. Tennessee provides its Tenn. Const. Art. II, Sec. 1 Executive Department to conduct administrative forfeiture proceedings for personal property pursuant to Tenn. Code Ann. § 53-11-451 and § 40-33-201 et seq.

7. Tennessee does not provide for forfeiture of real property by Tenn. Const. Art. II, Sec. 1 Executive Department administrative proceedings.

**C. Arbitrary and Capricious Statutes**

8. There is no reasonable, non-arbitrary basis for Tennessee to provide different rights to persons whose property is being forfeited by Tennessee through administrative proceedings from the rights provided to persons whose property is being forfeited by Tennessee through judicial proceedings.

9. The Fifth and Fourteenth Amendments are violated unless where there is not a fair and substantial relation to the object of legislation that does not treat all persons similarly circumstanced be treated alike.[3]

**D. Different, Disparate And Unequal Rights**

10. Persons whose property is being taken by Tennessee by an administrative forfeiture proceeding, including Plaintiffs-Relators, are denied rights that are provided by Tennessee to persons who are provided a judicial forfeiture proceeding including, but not limited to:

    (a) right to a jury trial;

    (b) right to access to a judge at all stages of the judicial proceeding;

    (c) rights to present constitutional claims;

    (d) rights provided under the Tennessee Rules of Civil Procedure;

---

[3] *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S. Ct. 560, 561-62 (1920)

(e) rights not to be subjected to administrative agency rules;

(f) rights not to be subjected to customs and practices of administrative agencies;

(g) rights to appeals that are not limited to administrative judicial review pursuant to § 4-5-322.

**E. Standardless Discretion Subjects Plaintiffs To Judicial Or Administrative Forfeiture Proceedings.**

**(1) The Constitutional Prohibition Against Standardless Discretion**

11. "It is [clearly] established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case. See, e.g., *Lanzetta v. New Jersey*, 306 U.S. 451; *Baggett v. Bullitt*, 377 U.S. 360. Fifth and Fourteenth Amendment due process of law requires that state procedures and rules state reasonably clear guidelines for decision-makers to follow in discharging their duties. Rules that fail to provide minimal guidelines permit standardless discretion that allows decision makers to "pursue their personal predilections." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402 (1966)

12. Tennessee provides no standards as to whether Plaintiffs-Relators are allowed an administrative forfeiture hearing or a judicial forfeiture hearing.

13. Defendants BILL GIBBONS as Commissioner of the Tennessee Department of Safety and Homeland Security (TDOSHS); his designees; directors; managers; and employees acting under his supervision, hereafter "those acting under his supervision", have and continue to train Tennessee law enforcement officers to initiate administrative forfeiture proceedings that deny Plaintiffs-Relators, and those similarity conditioned, rights they would have if provided a judicial forfeiture procedure.

4

### F. Institution Of Plaintiffs-Relators Forfeiture Proceedings

14. Defendant SKEANS obtained a search warrant from Campbell County Criminal Court Judge Shane Sexton on February 26, 2015, that provided:

> You are therefore commanded to make immediate search of the aforesaid person and residence. For the heretofore described property **and to bring it forthwith before me.**[4]

15. On February 28, 2015, Defendants Skeans obtained a second search warrant from Judge Sexton that provided:

> You are therefore commanded to make immediate search of the aforesaid person and residence. For the heretofore described property **and to bring it forthwith before me.**

16. Tenn. Code Ann. § 40-6-105 provides:

The magistrate, if satisfied of the existence of the grounds of the application, or that there is probable ground to believe their existence, shall issue a search warrant signed by the magistrate, directed to the sheriff, any constable or any peace officer, commanding the sheriff, constable or peace **officer immediately to search the person or place named for the property specified, and to bring it before the magistrate.**

17. § 40-6-106 and provides in material part a search warrant provide:

> and if you find the same, or any part thereof, to **bring it forthwith before me at(stating the place)**

18. Tenn. R. Crim. P. 41 provides the judge who issued the search warrant to render decisions regarding the disposition of property seized that is brought before the judge.

19. Defendant SKEANS instituted the States seizure of Plaintiffs-Relators property before Judge Sexton creating jurisdiction before Judge Sexton to determine whether to proceed forfeiture by judicial forfeiture or by administrative forfeiture.

---

[4] Typed as written in the search warrant.

20. After Defendant SKEANS seized Plaintiffs-Relators property by search warrant issued by Judge Sexton, Defendant SKEANS was required to take the property before Judge Sexton and thereafter, Plaintiffs-Relators were parties, and entitled to notice and a meaningful opportunity to be heard as to the disposition of their property by Judge Sexton.

### G. Defendant SKEANS Disobeyed The Orders Of Judge Sexton and Requirements of the Law

21. Defendant SKEANS did not take the seized property before Judge Sexton as Ordered by Judge Sexton and as required by law.

22. Instead, Defendant SKEANS appeared before a different Court and Judge, Campbell County Circuit Court Judge John McAfee, and presented an affidavit for the issuance of an administrative warrant to administratively forfeit Plaintiffs-Relators property pursuant to § 40-33-204.

23. Pursuant to § 53-11-451(d) by obtaining a § 40-33-204 administrative warrant the property that was required to be taken before Judge Sexton was, by operation of law divested from the actual or constructive possession of Judge Sexton and placed in the custody of the Commissioner of the Tennessee Department of Safety and Homeland Security.

24. By obtaining the administrative forfeiture warrant from Judge McAfee Plaintiffs-Relators were denied by § 40-33-104 judicial remedies they otherwise had for replevin or Rule 41 when their property was in the possession, or constructive possession, of Judge Sexton.

### H. Denial Of Plaintiffs-Relators' Judicial Rights

**(1) The March 6, 2015 Administrative Forfeiture Warrant Was Void**

25. The due process clauses of the Fifth and Fourteenth Amendment require a court to have subject matter jurisdiction.

26. Tennessee applies the doctrine of *custodia legis* that prohibits a court from interfering with property that is in the custody of a different court.[5]

27. The search warrant issued by Judge Sexton and disposition of property seized by that warrant constituted a prior proceeding pending before Judge Sexton.

28. Judge McAfee did not have subject matter jurisdiction over property seized by a search warrant issued by Judge Sexton that by Order, and by law, created subject matter jurisdiction over the disposition of property seized by the warrants before Judge Sexton.

29. The administrative forfeiture warrant that authorized forfeiture proceedings over Plaintiffs-Relators property was void.

30. Subsequent Orders of April 8, 2015 and June 30, 2015 administratively forfeiting Plaintiffs-Relators property based on the void forfeiture warrant are void.

**(2) Plaintiffs-Relators Case Was Unlawful Set On January 6, 2015**

31. § 40-33-209(a) requires an administrative judge set contested forfeiture cases on the docket to be heard.

32. On November 20, 2014 Legal Division Nina Harris set Plaintiffs-Relators on the docket for January 6, 2015 at 10:00 a.m.

33. *State v. Sprunger* required strict compliance with § 40-33-209(a) that the administrative judge set Plaintiffs-Relators contested case on the docket.

34. The January 6, 2015 10:00 a.m. setting by Attorney Harris violated § 40-33-209(a), making that date unlawfully set and void and according to *Sprunger* violating Plantiffs-Relators' Fifth Amendment due process rights.

---

[5] *Ray v. State*, 2000 Tenn. App. LEXIS 250, *8-10 (Tenn. Ct. App. Apr. 18, 2000)

35. The unlawful and unconstitutional January 6, 2015 10:00 a.m. date cannot be used by the State to default Plaintiffs and take their property.

### (3) Defendant HARRIS's January 6, 2015 "Declaration" Of Default Was Void

36. Because the proceedings on January 6, 2015 were based on a requirement of a valid forfeiture warrant and the forfeiture warrant was void, any proceedings on January 6, 2015 were also void.

37. Because the proceedings were unlawfully set by Defendant HARRIS and in violation of § 40-33-209(a) for January 6, 2015 at 10:00 a.m. that setting was void and any proceedings at that setting were void.

38. On January 6, 2015, Defendant HARRIS applied her customs and practices in Plaintiffs-Relators' administrative forfeiture proceeding to declare a "default" because Plaintiffs-Relators did not appear.

39. Had the January 6, 2015, proceeding been judicial, Defendant HARRIS would have been required to file a motion for default; serve that motion on Plaintiffs; and provide a date for Plaintiffs-Relators to be heard.

40. Defendant HARRIS did not file a motion for default on January 6, 2015 and never served Plaintiffs-Relators with any motion for default.

41. Between January 6, 2015 and April 8, 2015 Defendant HARRIS communicated *ex parte* with Defendant GRIMES-SAFELY to provide information to Defendant GRIMES-SAFELY to enter an Order of default and for the forfeiture of Plaintiffs-Relators' property all without notice to Plaintiffs-Relators or a meaningful opportunity for Plaintiffs-Relators to be heard that would have been required in a judicial proceeding.

42. No hearing was ever held on any motion filed by Defendant HARRIS for a default judgment.

### (4) Defendant GRIMES-SAFELY'S April 8, 2015 Order Is Void

43. On April 8, 2015, Defendant GRIMES-SAFELY entered an Order of Default and forfeiture of Plaintiffs-Relators property that contained the following false findings that would not have occurred in a judicial proceeding had there been a hearing held on a properly filed motion for default judgment served on Plaintiffs-Relators and their attorney:

> At the beginning of the hearing, the State made an oral motion pursuant to TENN. CODE ANN. §4-5-309 and DEPARTMENT OF SAFETY RULE 1340-2-2-.17, requesting that the Claimants be held in default. In support of the motion, the State introduced evidence that the notice of the hearing was sent to the Claimants' attorney's address of record by certified mail. Certified mail to the address of Michael G. Hatmaker, Esq., was received and signed for on November 24, 2014.

44. Defendant GRIMES-SAFELY's statement in the April 8, 2015 Order did not occur.

45. Defendant HARRS did not make a motion for default to an Administrative Judge at the 10:00 a.m. docket on January 6, 2014.

46. There were no hearings held before an administrative judge on January 6, 2014 at 10:00 a.m.[6]

47. No written motion for default was ever served on Plaintiffs-Relators for failing to appear on January 6, 2015 at 10:00 a.m.

48. The only possible explanation for Defendant GRIMES-SAFELY's statement is that someone with the Legal Division provided information to Defendant GRIMES-SAFELY

---

[6] The only explanation for the verbiage in the April 8, 2015 Order is that information was obtained *ex parte* or at a later time when Plaintiffs did not have notice of proceedings in their contested cases.

*ex parte* and Defendant GRMES-SAFELY considered *ex parte* information in violation of the Fifth and Fourteenth Amendments.

49. Plaintiffs-Relators assert that the April 8, 2015 order entered by Defendant GRIMES-SAFELY is void for violations of the Fourteenth Amendment Due Process Clause and Equal Protection Clause.

### (5) Defendant MARTIN'S June 30, 2015 Order Is Void

50. On June 30, 2015, Defendant MARTIN affirmed the April 8, 2015 Order of Defendant GRIMES-SAFELY.

51. Because Defendant MARTIN'S Order was based on a requirement of a valid forfeiture warrant; the validity of the January 6, 2015 setting; and the validity of Defendant GRIMES-SAFELY's April 8, 2015 Order Defendant MARTIN'S Order is also void.

52. Defendant MARTIN applied standards of review that were different from standards that are applied in judicial proceedings by appellate courts thereby denying Plaintiffs-Relators the equal protection of laws provided by Tennessee to persons whose property is being forfeited through judicial proceedings.

### (6) *State v. Sprunger* Due Process Requirements Were Not Met

53. On March 9, 2015, the Tennessee Supreme Court held:

> In light of these principles, we hold that, in forfeiture proceedings, the governmental authority seeking forfeiture must present affirmative proof that it has complied with both the procedural and the substantive requirements in the forfeiture statutes enacted by our Legislature. Consistent with the civil nature of forfeiture proceedings, the State's burden of proof as to both the procedural and substantive statutory requirements is by a preponderance of the evidence. Stuart, 963 S.W.2d at 33.

*State v. Sprunger*, 458 S.W.3d 482, 499-500 (Tenn. 2015)

54. Defendants HARRIS did not comply with *State v. Sprunger* prior to seeking a default judgment for the forfeiture of Plaintiffs-Relators property.

55. Defendant GRIMES-SAFELY did not conduct a *State v. Sprunger* compliance hearing.

56. Defendant GRIMES-SAFELY did not make a finding by a preponderance of evidence that TDOSHS had complied with all forfeiture statutes necessary to exercise administrative subject matter to forfeit Plaintiffs-Relators property by default in her order of April 8, 2015.

57. Defendant GRIMES-SAFELY'S April 8, 2015 Order of Default and Forfeiture did not comply with the requirements of *State v. Sprunger* necessary to establish TDOSHS had administrative subject matter jurisdiction sufficient to comply with the Fifth Amendment and is void and of no effect.

**(7) Tenn. R. Civ. P. 60.02 Was Denied Plaintiffs-Relators**

58. On January 5, 2016, and within one year of the proceedings that began with the January 6, 2015 setting, Plaintiffs-Relators filed a Tenn. R. Civ. P. 60.02 motion with Defendant GRIMES-SAFELY for relief from her April 8, 2015 Order of Default and forfeiture.

59. Plaintiffs-Relators also filed a motion to dismiss detailing numerous violations of forfeiture statutes that pursuant to *State v. Sprunger* required dismissal of the forfeiture proceedings and the return of Plaintiffs-Relators' property.

60. On January 29, 2016, Defendant GRIMES-SAFELY held that she did not have subject matter jurisdiction to grant Rule 60.02 relief and denied Plaintiffs-Relators motion.

61. Persons whose property is being forfeited by judicial proceedings have a right to Rule 60.02 motions for relief from prior orders or proceeding.

62. Defendant GRIMES-SAFELY's denial of Rule 60.02 rights in Tennessee administrative forfeitures violates the Equal Protection Clause of the Fourteenth Amendment and is unconstitutional.

### III. Fourth And Fourteenth Amendment Violations

#### A. Warrants Did Not Authorize Seizure Of Vehicles And Property

63. Defendant SKEANS obtained a search warrant based on his affidavit.

64. The search warrant provided only for the seizure of property from Plaintiff-Relator Edgar L. Muse.

65. Defendant SKEANS seized property from Plaintiff Relator Linda L. Muse; Candi Muse; and from children's piggy banks without a warrant.

66. The affidavits for search warrants provided no information that any of the vehicles seized had been used in a manner that would provide a factual basis for forfeiture.

67. The affidavit for search warrants provided no information that the property seized had a factual basis for forfeiture.

68. Defendant SKEANS and those acting with him in joint concert exceeded the authorization provided in the search warrant to seize property of Plaintiffs-Relators that was then subjected to administrative forfeiture by the default orders of Defendant GRIMES-SAFELY and Defendant MARTIN.

69. *State v. Sprunger* requires strict compliance with seizure laws for forfeitures to comply with Fifth Amendment due process.

70. Defendant SKEANS did not strictly comply with the requirements for seizures for forfeiture proceedings.

### B. Violations Of The Financial Privacy Records Act

71. Defendant SKEANS seized currency from safety deposit boxes of Linda L. Muse and Candi Muse in violation of Tennessee's Financial Records Privacy Act.

72. *State v. Sprunger* requires strict compliance with seizure laws for forfeitures to comply with Fifth Amendment due process.

73. Defendant SKEANS did not strictly comply with the requirements for seizures from bank safe deposition boxes.

## IV. PUNISHMENT

### A. § 39-11-701 Punishment

74. Tennessee uses forfeitures as punishment and to deter crime.

75. The Eight Amendment prohibition on excessive fines applies to Tennessee forfeiture. *Hawks v. Greene*, 2001 Tenn. App. LEXIS 917, 2001 WL 1613889 (Tenn. Ct. App. Dec. 18, 2001) *see also Tenn. Const. Art. I, Sec. 16*.

76. Forfeitures are punishments and not only remedial measures. *Austin v. United States*, 509 U.S. 602, 622, 113 S. Ct. 2801, 2812 (1993)

77. Tenn. Const. Art. II, Sec. 1 Executive Department agencies do not have authority to punish for criminal acts by forfeitures of property as fines.

78. Only Tenn. Const. Art. II, Sec. 2 Judicial Department Courts have jurisdiction to fine persons for criminal acts by forfeitures.

79. Persons who are accused of crimes that subject themselves to punishment by forfeiture of their property by "fines" are similarly circumstanced,

80. Tennessee denies and provides disparate and unequal rights to persons in administrative proceedings to punish for criminal conduct by forfeiture "fines" from those rights Tennessee provides persons similarly circumstanced persons in judicial proceedings.

## V. RELIEF REQUSTED

      1. Plaintiffs-Relators requests this Court declare that Tennessee's law providing Tennessee Executive Department agencies to forfeit property to the State through administrative proceedings violates the Equal Protection Clause of the Fourteenth Amendment where persons subjected to administrative hearing are treated differently and in a disparate and unequal manner than similarly circumstanced persons having their property forfeited to the State by judicial forfeiture proceedings provide greater rights.

      2. Plaintiffs-Relators requests this Court declare that Tennessee's law providing Tennessee Executive Department agencies to forfeit property to the State through administrative proceedings that provide disparate and unequal rights provided persons similarly circumstanced in judicial proceedings violates Fifth and Fourteenth Amendment Due Process as being arbitrary, capricious, and without a reasonable basis.

      3. Plaintiffs-Relators requests this Court declare that Tennessee's laws providing standardless discretion whether to provide an administrative or judicial proceeding to persons similarly circumstanced where there are disparate and unequal rights affected violates the Fifth and Fourteenth Amendments Due Process Clause.

      4. Plaintiffs-Relators requests this Court hold that the seizure of their property for forfeiture by insufficient search warrants violates the Fourth and Fourteenth Amendments.

      5. Plaintiffs-Relators request this Court declare that Plaintiffs-Relators' case was not lawfully set on the docket for January 6, 2015 at 10:00 a.m. as required by § 40-33-209(a0 and that Defendant HARRIS setting the case on that date violated Fifth and Fourteenth Amendment Due Process of Law and was void.

6. Plaintiffs-Relators request this Court declare the actions of Defendant HARRIS on January 6, 2015 were unlawful and unconstitutional as being in violation of the Fifth and Fourteenth Amendment Due Process Clauses.

7. Plaintiffs-Relators request this Court declare the actions of Defendant GRIMES-SAFELY entering the Order of Default and forfeiture on April 8, 2015 violated the Fifth and Fourteenth Amendment Due Process of Law and was void.

8. Plaintiffs-Relators request this Court declare the actions of Defendant MARTIN entering the Order of Forfeiture on June 30, 2015 violated the Fifth and Fourteenth Amendment Due Process of Law and was void.

9. Plaintiffs-Relators request this Court declare that the ruling of Defendant GRIMES-SAFELY that Plaintiffs-Relators do not have a right to Tenn. R. Civ. P. 60.02 relief in administrative proceedings violates the Equal Protection Clause of the Fourteenth Amendment and the Due Process requirements of the Fifth and Fourteenth Amendments.

10. Plaintiffs-Relators request this Court declare that Tennessee's Executive Department agency TDOSHS does not have subject matter jurisdiction to impose punishment by fines for the commission of criminal conduct by forfeiting property.

11. Plaintiffs-Relators request this Court declare that Tennessee's administrative proceedings used to punish for criminal conduct by "fines" of forfeiture of property violate the Equal Protection Clause of the Fourteenth Amendment where administrative proceedings are different and provide disparate and unequal rights to persons similarly circumstanced in judicial proceedings.

15
Case 3:16-cv-00718   Document 1   Filed 04/07/16   Page 15 of 16 PageID #: 15

12. Plaintiffs-Realtors pursuant to 42 U.S.C. §§ 1983 and 1988 and in aide of declaratory judgment pursuant to 28 U.S.C. § 2002, request this Court order the return of their property that has been taken from them by Defendants by the foregoing unconstitutional statutes and conduct.

13. Plaintiffs-Relators pursuant to 42 U.S.C. §§ 1983 and 1988 move for an award damages for the unconstitutional denial of their property.

14. Plaintiffs-Relators pursuant to 42 U.S.C. § 1988 move for their attorney fees and costs be paid by Defendants.

## VI. CLASS

15. Plaintiffs request the Court maintain a class of individuals who have had their non-contraband property seized without a lawful warrant where there is no exception to the Fourth Amendment.

## VII. JURY TRIAL

16. Plaintiffs-Relators demand a jury for all disputed matters.

/s *Herbert S. Moncier*
Herbert S. Moncier
Attorney for Plaintiffs-Relators

Herbert S. Moncier
Attorney at Law
550 W. Main Street, Suite 775
Bank of America Center
Knoxville, Tennessee  37902
(865) 546-7746
fax (865) 546-7765
moncier@moncierlaw.com
TnBOPR 1910